600 P.2d 1133

The STATE of Arizona, Appellee,

v.

David Michael WORKMAN, Appellant.

No. 2 CA–CR 1682.

Court of Appeals of Arizona,
Division 2.

July 20, 1979.

Rehearing Denied Sept. 5, 1979.

Review Denied Oct. 2, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender, by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Judge.

Appellant was convicted of attempted second-degree rape, molestation of a child,

two counts of attempted child molestation, and two counts of first-degree rape. The offenses involved five separate incidents and four victims. The victims were all young daughters of appellant's friends. Appellant's sole argument on appeal is that he was denied the effective representation of counsel.

██ The rule in Arizona has been that a defendant is not denied effective assistance of counsel unless the proceedings against him were reduced to a farce, sham or mockery of justice. In *State v. Williams,* 122 Ariz. 146, 593 P.2d 896 (1979), the Supreme Court recently reviewed this standard, noted that it has been rejected by many jurisdictions, but declined to decide whether a new standard should be adopted, because it found that the appellant in that case had been provided with effective counsel under even the most stringent tests applied in other jurisdictions. Thus, the standard for review for us is still the farce, sham or mockery of justice test. See *State v. Dippre,* 121 Ariz. 596, 592 P.2d 1252 (1979). The court in *Williams* pointed out, however, that in applying this test the Arizona courts have examined counsel's representation for competence.

██ Appellant's principal complaint is with his trial counsel's failure to obtain witnesses to establish alibi defenses to several of the charges. He points to the following facts: potential alibi witnesses were named in discovery, three witnesses were served with subpoenas for the original trial date, counsel did not attempt to secure for admission at trial the testimony, with which he was familiar, of an out-of-state witness, and at trial counsel first told the court he was having difficulty securing the presence of the witnesses and then, after a weekend recess, told the court that he had decided not to use the witnesses because they would create an adverse impression. Appellant argues that these facts indicate that counsel's failure to provide the witnesses was due to his own negligence which he was trying to cover up. We believe these facts just as easily indicate that counsel had investigated the possible alibi defenses and

then made a tactical decision not to use the witnesses. Questions of trial tactics will not provide grounds for finding that counsel's representation was inadequate. *State v. Pietsch,* 109 Ariz. 261, 508 P.2d 337 (1973).

Two of the potential witnesses testified at a hearing on appellant's motion for a new trial. As an alibi for an offense which occurred in appellant's home in Marana, a Mrs. Rittinger testified that appellant was living at that time with a friend in Tucson. Marana is 22 miles from Tucson, and Mrs. Rittinger only had occasional contacts with appellant during the time in question. Her testimony could not have established that appellant was not in Marana when the victim said he was.

The testimony of the other potential witness, Ismael Grady, provided an alibi for July 6, 1976, the date on which, it was established, one of the rapes occurred. The rape victim, who was ten years old at the time of the offense, had testified that she did not remember when it happened, only that it was hot outside and that her parents and appellant and his wife had gone to a wedding the day before. Testimony of other witnesses had established that the two couples had gone to a wedding on July 5.

Grady testified that he spent all day with appellant on July 6. He also testified that in March, 1977, appellant's wife called him in West Virginia and asked him to contact appellant's lawyer. He testified that he telephoned the lawyer, told him his story, and told him he would be willing to come to Arizona to testify. The lawyer told him he would mail a form for him to fill out. No form ever arrived, but four to five days after that communication, Grady wrote out the information he had given over the phone, had it notarized, and sent it to the attorney.

It is certainly possible to draw inferences from these facts that would support a conclusion that appellant's attorney was grievously negligent in his representation. However, it is also possible, and consistent with the facts in the record that appellant's attorney considered the value of Grady's tes-

timony and made a tactical decision not to use it.

■ Courts distinguish between counsel failing to act because of ignorance of the facts or the law, and failing to act despite his knowledge of the facts or law. *People v. Jenkins*, 13 Cal.3d 749, 119 Cal.Rptr. 705, 532 P.2d 857 (1975), cert. den. 423 U.S. 860, 96 S.Ct. 115, 46 L.Ed.2d 88 (1975); *People v. Ibarra*, 60 Cal.2d 460, 34 Cal.Rptr. 863, 386 P.2d 487 (1963). In the latter situation, counsel is presumed to have made an informed decision, *United States v. Yanishefsky*, 500 F.2d 1327, 1331–32 (2nd Cir. 1974); *State v. Scott*, 118 Ariz. 383, 576 P.2d 1383 (App.1978), even where the tactical advantage is not readily apparent to the appellate court. *People v. Jenkins*, supra.

■ Especially when the question is whether or not to call a particular witness, courts are reluctant to second-guess the attorney. *United States ex rel. Walker v. Henderson*, 492 F.2d 1311, 1314 (2nd Cir. 1974), cert. den. 417 U.S. 972, 94 S.Ct. 3179, 41 L.Ed.2d 1144 (1974). There are factors that do not readily appear on record that can lead an attorney to decide that a particular witness is undesirable or that his participation in the defense may harm the defendant more than his testimony, even if it provides an alibi, will aid him. See *People v. Stevenson*, 60 Mich.App. 614, 231 N.W.2d 476 (1975); *Commonwealth v. Owens*, 454 Pa. 268, 312 A.2d 378 (1973). Here, the attorney was apparently informed of the substance of Grady's testimony. He had talked to Grady over the telephone and had the opportunity to get information about Grady from appellant. Any of these sources of information may have provided the attorney with a good reason to decide that Grady would be an undesirable witness.

■ Appellant cites four cases where the court has found that the defendant was denied effective assistance of counsel because his attorney defeated a potential defense by failing to call witnesses. *In re Tomich*, 221 F.Supp. 500 (D.Mont.1963), was an extreme case where counsel, among other failings, did not listen to his client's story and refused to subpoena suggested alibi witnesses without any attempt to investigate what they might know. In each of the other cited cases, the trial attorney testified at a post-trial hearing on the issue of effective assistance and was unable to give an adequate reason for his failure to call the witness. *People v. Herrera*, 188 Colo. 403, 534 P.2d 1199 (1975); *State v. Moya*, 180 Colo. 228, 504 P.2d 352 (Colo.1972); *Commonwealth v. Bronson*, 457 Pa. 66, 321 A.2d 645 (1974). See also *Gomez v. Beto*, 462 F.2d 596 (5th Cir. 1972); *People v. Weston*, 9 Cal.App.3d 330, 87 Cal.Rptr. 922 (1970). We find it significant that appellant neither subpoenaed his attorney to testify at the hearing on his motion for a new trial nor gave an explanation for not doing so. In the attorney's absence, we can only conjecture about his reason for failing to use Grady's testimony. From the circumstances, we cannot conclude that he had no valid reason.

Appellant raises additional grounds for finding ineffective assistance of counsel. At the trial, appellant's counsel told the court, "[F]or the record may it show that Mr. Brown and Gladys Rittinger were contacted, and apparently there is some collateral threats, and they will not appear." At the post-trial hearing, Mrs. Rittinger testified that she had never been threatened or told appellant's counsel she had been threatened, and that appellant's counsel never contacted her after he told her to ignore the subpoena for the first trial date, which had been continued. Counsel on the motion for new trial stipulated that Mr. Brown was not threatened. This sort of factual contradiction is best resolved by the trial court, which heard the testimony, had the opportunity to observe the people involved, and found that appellant has been afforded effective assistance of counsel.

■ Appellant lists several other actions and failures to act which he argues establish that counsel was ineffective. Many of these are questions of judgment and others are insignificant. The one significant contention is that counsel failed to interview

any of the victims before trial. In *State v. Dippre*, supra, the court found that counsel was effective despite his failure to interview the victims. It appears from the record that counsel was prepared to cross-examine the victims and that the cross-examination was effective. He impeached three of the victims by introducing inconsistent statements made to the police. He brought out weaknesses in their memories and established that none of them had received a medical examination and none had told anyone about the offenses until questioned.

Viewing trial counsel's representation as a whole, we find that he actively and competently defended appellant.

Affirmed.

HATHAWAY, J., and RICHMOND, C. J., concurring.