925 P.2d 745

In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. JV–511576.

No. 1 CA–JV 95–0063.

Court of Appeals of Arizona, Division 1, Department E.

June 18, 1996.

Review Denied Oct. 21, 1996.

Richard M. Romley, Maricopa County by Patricia A. Nigro, Deputy County Attorney, Phoenix, for Appellee.

O. Joseph Chornenky, P.C. by O. Joseph Chornenky, Pam Weins, Phoenix, for Appellant.

## OPINION

PATTERSON, Judge.

This juvenile transfer case presents two issues to this court: First, whether sufficient evidence exists from which the juvenile court judge could have concluded that transfer was appropriate; and second, whether the juvenile received ineffective assistance of counsel at the transfer hearing.

## BACKGROUND

The juvenile was arrested on April 25, 1995 and charged with aggravated assault with a deadly weapon or dangerous instrument after he allegedly hit another youth with a small bat or club in the face and on the body. A detained advisory hearing was held on April 26, 1995, at which the State filed a request to transfer the juvenile to adult court. The transfer hearing was set for May 23.

Defense counsel appears to have assured the parents of the juvenile that he would seek a continuance of the hearing because the father planned to be out of town on that date, the juvenile was in the middle of exams, and the attorney was trying a murder case during that time period. Counsel also expressed a desire to have a second independent psychological evaluation conducted on the juvenile, as well as additional time in which to conduct an investigation and interview witnesses. Despite these assurances, however, the attorney never sought a continuance, and the transfer hearing proceeded as originally scheduled.

The second psychological evaluation was completed on May 19. It was more detailed and favorable regarding the juvenile's rehabilitative potential. Whether due to oversight or for reasons not apparent from the record, the attorney neither presented that evaluation nor the independent psychologist's testimony at the transfer hearing. The court subsequently granted the State's transfer request.

## DISCUSSION

A. *Sufficiency of the Evidence:*

■ The juvenile argues that the evidence was insufficient to support a finding of transfer because the court failed to make findings essential to a determination of probable cause. He asserts that the judge was required to make specific findings that the bat was a dangerous instrument in order to sup-

port a finding of probable cause pursuant to Ariz.Rev.Stat. Ann. ("A.R.S.") section 13–1204(A)(2). *See, e.g., State v. Caldera,* 141 Ariz. 634, 688 P.2d 642 (1984). He argues that the court instead appears to have improperly proceeded under a theory of aggravated assault "causing serious physical injury to another," pursuant to A.R.S. § 13–1204(A)(1). We find the juvenile's argument without merit. The judge necessarily found that the bat was a "dangerous instrument" for purposes of section 1204(A)(2) by finding probable cause that the juvenile inflicted serious injury on the victim with the bat.

## B. *Ineffective Assistance of Counsel:*

■ Although another division of this court has previously indicated that the right to counsel may not apply in juvenile proceedings, *Matter of Pima County, Juvenile Act. No. J–47735–1,* 26 Ariz.App. 46, 546 P.2d 23 (1976), the United States Supreme Court has held otherwise. Particularly where decisions involve transfer of a juvenile to the adult system for criminal prosecution, "there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, *without effective assistance of counsel...*" *Kent v. United States,* 383 U.S. 541, 554, 86 S.Ct. 1045, 1053, 16 L.Ed.2d 84 (1966)(emphasis added). *See also Application of Gault,* 387 U.S. 1, 30, 87 S.Ct. 1428, 1445, 18 L.Ed.2d 527 (1967).

■ In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth a two-part test to determine whether errors by an attorney rendered the performance constitutionally ineffective. First, the defendant must show that counsel's performance was deficient as measured according to a standard of reasonableness under prevailing professional norms. *Id.* at 687–88, 104 S.Ct. at 2064. Second, the defendant must show that the deficient performance so prejudiced the defense that it deprived him of a fair trial. *Id. See also State v. Lee,* 142 Ariz. 210, 689 P.2d 153 (1984)(adopting *Strickland* test). This entails a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result

of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* This determination is made by considering the totality of the evidence before the judge at the time of decision. 466 U.S. at 695, 104 S.Ct. at 2069.

### 1. *Deficient Performance:*

The attorney did not present the second more favorable psychological evaluation or call the psychologist who prepared it as a witness, even though the evaluation was complete and available before the transfer hearing. Counsel did not even notify the court that such an evaluation existed, although the parents obtained and paid $500 for it at his direction. Despite assurances to the contrary, the attorney never sought a continuance and failed to return telephone calls by the parents inquiring about the status of the motion. The hearing proceeded without the attorney having interviewed any witnesses.

In addition, the attorney made no offers of proof on the juvenile's behalf, although he apparently had medical and police reports arguably casting doubt on the validity of the testimony by the victim's personal injury attorney regarding the extent and seriousness of the victim's injuries. Instead, he relied solely on the testimony and reports of the court-appointed psychologist and the probation officer. The attorney did not even conduct cross-examination of those witnesses, despite having been given the opportunity to do so by the court.

In *State v. Radjenovich,* this court held that "except in the most unusual circumstances, it offends basic notions of minimal competence of representation for defense counsel to fail to interview any state witness prior to a major felony trial." 138 Ariz. 270, 274, 674 P.2d 333, 337 (App.1983). We concluded that the failure to do so could not be deemed harmless error. *Id.* Here, not only did the defense attorney fail to interview any of the State's witnesses, he never interviewed or called any independent witnesses to testify on his client's behalf, and he failed to present evidence which might have mitigated against transfer. *See State v. Fisher,* 152 Ariz. 116,

119–20, 730 P.2d 825, 828–29 (1986)(failure to investigate and present necessary defense evidence constitutes deficient performance for purposes of determining whether attorney's assistance was ineffective).

■ Furthermore, although both State witnesses relied upon here also recommended against transfer, the attorney did not argue for application of Rule 14.1, Rules of Procedure for the Juvenile Court. That rule provides for a juvenile transfer deferral program, a particularly viable alternative to transfer in this case. It was the juvenile's first and only appearance before the court; he had a supportive family, a regular job, good school attendance and a positive attitude toward the court and counseling; and, a full nine months remained before his eighteenth birthday in which to pursue rehabilitative services. We are therefore compelled to agree with the juvenile that, on the facts present here, the attorney's performance was deficient as measured by reasonable professional standards.

2. *Prejudice:*

■ It is clear from the record that the result here might have differed had the attorney presented the second psychological evaluation and called the doctor as a witness. The judge specifically expressed her dissatisfaction with the evaluation presented by the court-appointed psychologist, saying that she "didn't find the psychological very helpful" and that she "didn't think it really fleshed out the psychological issues." Record of Transcript, May 23, 1995, page 29. These comments, together with her statement on the record that she "very easily could go either way on this case," *id.,* strongly indicate that the second psychological evaluation—with its greater detail—could have caused the judge to have reached a different decision regarding transfer.

Furthermore, the judge made these comments after her finding of probable cause but before she entered a decision on the transfer issue, which is the time set under Rule 14.1(a) for making a transfer deferral decision. Her comments should have indicated to the attorney that she might have been willing to have heard and considered arguments relating to alternatives to transfer. This is particularly true in light of the juvenile's first offense status, positive attitude, support resources, age, employment and educational stability.

Even without the second psychological evaluation, the judge was aware of the foregoing circumstances, and the record reflects that these considerations weighed heavily in the juvenile's favor. Had the attorney taken the opportunity presented by the judge's comments to actively promote the juvenile's placement in the transfer deferral program, he might have swayed her decision against transfer and toward alternatives to transfer, particularly where coupled with an effective presentation of the second evaluation. His failure to even attempt to do either leads us to conclude that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

CONCLUSION

We therefore hold that the juvenile did not receive constitutionally effective assistance of counsel in the transfer hearing, and we reverse and remand for proceedings consistent with this opinion.

GRANT, P.J., and WEISBERG, J., concur.