NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re Maribel R.

No. 1 CA-JV 14-0243
FILED 2-26-2015

Appeal from the Superior Court in Maricopa County
No.  JV549928
The Honorable Steven P. Lynch, Commissioner

**AFFIRMED**

COUNSEL

The Law Offices of Kevin Breger, PLLC, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney, Phoenix
By E. Catherine Leisch
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which
Presiding Judge Andrew W. Gould and Judge Maurice Portley joined.

T H O M P S O N, Judge:

¶1 Maribel R. (Maribel) appeals from the juvenile court's order denying her request to terminate the court's requirement that she register as a sex offender. For the following reasons, we affirm.

¶2 Maribel pled delinquent to attempted child molestation in 2009. The juvenile court placed her on probation and released her from probation in 2010. In 2012, at the age of seventeen, Maribel was charged with a new count of child molestation. She pled delinquent to a lesser charge of disorderly conduct in May 2013. In August 2013, the juvenile court ordered Maribel committed to the Arizona Department of Juvenile Corrections (ADJC) until the age of eighteen or sooner released by law. In November 2013, the juvenile court ordered Maribel to register as a sex offender. She did not appeal. Maribel turned eighteen in December 2013.

¶3 In August 2014, Maribel, then eighteen years old, filed a request with the court asking the court to terminate her sex offender registration requirement. After a hearing, the juvenile court denied the request. Maribel timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 8-235(A) (2014).[1]

¶4 On appeal, Maribel argues that the juvenile court had no legal authority to order her to register as a sex offender in November 2013. She argues that the juvenile court had no legal basis to order her to register because the court did not place her on probation after she pled delinquent to disorderly conduct but instead committed her to ADJC. She additionally argues that the juvenile court misstated the law in November 2013 when the court told her that she could have the order to register reviewed annually (and that it based its decision to order her to register in part on that notion). She urges us to vacate the court's November 2013 order requiring her to register as a sex offender because the juvenile court "abused its discretion by misapplying and misstating the law . . . ." Finally, she argues that her former attorney was ineffective.

¶5 Maribel did not appeal from the juvenile court's November 2013 order requiring her to register as a sex offender. Accordingly, she has waived her right to challenge that decision. *See In re Javier B.*, 230 Ariz. 100, 102, ¶ 12, 280 P.3d 644, 646 (App. 2012) (order imposing sex offender

---

[1] *Also see Nickolas T.*, 223 Ariz. 403, 224 P.3d 219 (App. 2010) (court had implicit authority to grant relief from its own order requiring sex offender registration).

registration after juvenile adjudication is a final, appealable order). However, even if she had timely appealed[2] from the order that she register as a sex offender, the juvenile court did not abuse its discretion because Maribel was adjudicated delinquent of a crime, disorderly conduct, which was at least implicitly determined to be sexually motivated.[3]

¶6        Maribel argues that her attorney was ineffective at the November 21, 2013 hearing because she wrongly suggested that the juvenile court could order registration based on the state's original delinquency petition from August 2009 although Maribel had already completed her probation resulting from that petition. She asserts that her attorney failed to argue that the juvenile court "had no legal basis to order that [Maribel] register and that there was no legal mechanism for a review of that order after [Maribel] turned 18," and that her attorney failed to advise her to appeal.

¶7        Although a claim of ineffective assistance of counsel may be raised in a juvenile appeal, *Maricopa County Juv. Action No. JV-511576*, 186 Ariz. 604, 606-07, 925 P.2d 745, 747-48 (App. 1996), as noted above, Maribel's concerns arising from the juvenile court's November 2013 order were not timely raised. Furthermore, she does not demonstrate that her attorney's "performance was deficient and that the deficient performance"

---

[2] Nor did Maribel seek a delayed appeal under Arizona Rule of Procedure for the Juvenile Court 108(b).

[3] Maribel's plea agreement stated "If probation is granted then sex addendum terms may be imposed. Prior to disposition the Juvenile shall participate in a psychosexual and/or a sexual risk assessment whichever is approved by the probation department." Pursuant to the plea agreement, she admitted to "[d]isorderly conduct . . . in violation of A.R.S. §§ 13-1203, 13-118" [sexually motivated offense]. Paragraph four of the plea agreement stated, "juvenile will be adjudicated . . . on the charge(s) stated above without the filing of any additional legal documents." This answers Maribel's assertion at oral argument that sex offender registration could not be required absent the filing by the prosecutor of a special allegation of sexual motivation.

prejudiced her.[4] *See Sturgis v. Goldsmith*, 796 F.2d 1103, 1110 (9th Cir. 1986). Accordingly, we find no ineffective assistance of counsel.

¶8 For the foregoing reasons, we affirm the juvenile court's order denying Maribel's request to terminate her sex offender registration.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[4] Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).