156 P.3d 438

**Adam LINCOLN, Petitioner,**

v.

**The Honorable Cathy HOLT, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**The State of Arizona, ex rel. Andrew Thomas, the Maricopa County Attorney, Real Party in Interest.**

**No. 1 CA–SA 07–0052.**

Court of Appeals of Arizona, Division 1, Department B.

April 26, 2007.

---

James J. Haas, Maricopa County Public Defender by Cory Engle, Deputy Public Defender, Phoenix, Attorneys for Petitioner.

Andrew P. Thomas, Maricopa County Attorney by Andrea L. Kever, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

BARKER, Judge.

¶ 1 We treat in this special action two issues of first impression: (1) whether Arizona Revised Statutes ("A.R.S.") section 13–4433(H) (Supp.2006), gives the specified parent or legal guardian of the minor crime victim the right to refuse to submit to a pretrial interview, and (2) if so, whether such a right is constitutional. For the reasons that follow, we accept jurisdiction and uphold the trial court's order denying the motion for a court-ordered deposition of the minor victim's mother.

### I.

¶ 2 On or about September 5, 2005, Scott B. ("Scott"), age three at the time, was treated at a hospital for bruising around his eyes and released the same day. Adam Lincoln was indicted for one count of child abuse, a class four felony and a domestic violence offense, for allegedly choking or strangling Scott. The State listed Annalisa B. ("Mother") as a material witness. She is the only witness that will testify that Lincoln inflicted the injury. Counsel for Lincoln requested an interview with Mother. Mother refused based on the Victims' Bill of Rights and A.R.S. § 13–4433(H). Defense counsel moved for a court-ordered deposition of Mother. The trial court denied the motion. This special action followed.

¶ 3 Special action jurisdiction is highly discretionary. *See State ex rel. McDougall v. Super. Ct.*, 186 Ariz. 218, 219,

920 P.2d 784, 785 (App.1996). Jurisdiction is appropriate when there is no adequate remedy by way of appeal and when the issues raised are purely legal questions of first impression and of statewide importance. *State v. Brown*, 210 Ariz. 534, 537–38, ¶¶ 5–6, 115 P.3d 128, 131–32 (App.2005). We have granted jurisdiction before to determine who can refuse to participate in a pretrial interview as a "victim" under the Victims' Bill of Rights and Arizona statutes. *See State ex rel. Romley v. Super. Ct. In and For County of Maricopa*, 184 Ariz. 409, 409–10, 909 P.2d 476, 476–77 (App.1995); *Knapp v. Martone*, 170 Ariz. 237, 238–39, 823 P.2d 685, 686–87 (1992). Special action jurisdiction is appropriate here.

### II.

¶ 4 As noted, there are two primary issues in this special action. First, does § 13–4433(H) grant the specified parent or legal guardian of a minor victim the right to refuse a pretrial interview of that parent or legal guardian? If so, is it constitutional and within the authority of the state legislature to grant the parent or legal guardian of a minor victim the right to personally refuse a pretrial interview? We review issues of statutory interpretation and the constitutionality of statutes de novo. *City of Casa Grande v. Ariz. Water Co.*, 199 Ariz. 547, 550, ¶ 6, 20 P.3d 590, 593 (App.2001); *Town of Gilbert v. Maricopa County*, 213 Ariz. 241, 245, ¶ 11, 141 P.3d 416, 420 (App.2006). We address each issue in turn.

### III.

#### A.

¶ 5 The key portions of § 13–4433 at issue here are as follows:

A. Unless the victim consents, the victim shall not be compelled to submit to an interview on any matter, including any charged criminal offense witnessed by the victim ... that is conducted by the defendant, the defendant's attorney or an agent of the defendant.

. . .

H. This section applies to the parent or legal guardian of a minor child who exercises victims' rights on behalf of the minor child.

A.R.S. § 13–4433. Another statutory provision critical to our construction of § 13–4433(H) is A.R.S. § 13–4403(C) (2001). Section 13–4403(C), which was in place prior to the enactment of § 13–4433(H), provides that if a victim is a minor or vulnerable adult, "the victim's parent, child, or other immediate family member may exercise all of the victim's rights on behalf of the victim." A.R.S. § 13–4403(C).

¶ 6 Lincoln argues that § 13–4433(H) only grants to the parent or legal guardian the right to invoke victims' rights on behalf of the *child.* The State, on the other hand, argues that § 13–4433(H) gives the specified parent or legal guardian of the minor victim the right to refuse an interview on the parent or legal guardian's own behalf. For the reasons that follow, we agree with the State, and we hold that § 13–4433(H) grants to the parent or legal guardian of a minor child, who exercises the child's rights, all the rights contained in § 13–4433, to be exercised on the parent or legal guardian's own behalf.

### B.

¶ 7 "In interpreting a statute, we first look to the language of the statute itself. Our chief goal is to ascertain and give effect to the legislative intent." *Scottsdale Health-care, Inc. v. Ariz. Health Care Cost Containment Sys. Admin.,* 206 Ariz. 1, 5, ¶ 10, 75 P.3d 91, 95 (2003) (citing *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996)). Subsection (H) states that "[t]his section applies to the parent or legal guardian of a minor child who exercises victims' rights on behalf of the minor child." A.R.S. § 13–4433(H). The phrase "who exercises victims' rights on behalf of the minor child" qualifies the prior phrase "parent or legal guardian of a minor child." Thus, by the statute's own terms, the rights conferred upon victims by § 13–4433 also "apply" to the parent or legal guardian of a minor "who *exercises* victims' rights on behalf of the child." *Id.* (emphasis added). The rights of § 13–4433 do not "apply" to a parent or legal guardian who is not exercising victims' rights on behalf of the child.

¶ 8 Further, "apply" means "to put into operation or effect (apply a law)." Merriam Webster's Collegiate Dictionary 56 (10th ed.2001); *see State v. Wise,* 137 Ariz. 468, 470, 671 P.2d 909, 911 (1983) (relying on dictionary definitions as an aid to statutory interpretation). Thus, a common-sense reading of subsection (H) leads to the conclusion that the rights in § 13–4433 are "put into effect" for a parent or legal guardian "who exercises victims' rights on behalf of the child." This means the specified parent or legal guardian is being given those rights on his or her own behalf. Otherwise, there would be no purpose in the legislature specifying that the rights "applied" to the parent or legal guardian who is already exercising the rights on behalf of the child. Notwithstanding, we agree that the legislature could have been more precise in its language and accordingly look to factors beyond the language itself. *See Aros v. Beneficial Ariz., Inc.,* 194 Ariz. 62, 66, 977 P.2d 784, 788 (1999) ("When an ambiguity exists, however, we attempt to determine legislative intent by interpreting the statute as a whole, and consider 'the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose.' ") (quoting *Zamora,* 185 Ariz. at 275, 915 P.2d at 1230).

### C.

¶ 9 In construing statutes we "give full effect to the intent of the lawmaker, and each word, phrase, clause and sentence must be given meaning so that no part will be void, inert, redundant or trivial." *Adams v. Bolin,* 74 Ariz. 269, 276, 247 P.2d 617, 621 (1952) (citing *City of Phoenix v. Yates,* 69 Ariz. 68, 72, 208 P.2d 1147, 1149 (1949)). The legislature amended § 13–4433 in 2006 by adding subsection (H). *See* A.R.S. § 13–4433. At the time of the amendment, A.R.S. § 13–4403(C) was in existence. Section 13–4403(C) already permitted a minor victim's parent to exercise all of the minor victim's rights "on behalf of" the minor. That section provides that if a victim is a minor "the victim's parent ... may exercise all of the victim's rights on behalf of the victim." *Id.*

Lincoln urges this court to interpret § 13–4433(H) to have the same effect as § 13–4403(C). Such an interpretation would render the addition of subsection (H) to § 13–4433 a redundant nullity, in violation of this principle of statutory construction.

¶ 10 We must also consider subsection (H) in the context of the entire statutory scheme. *State v. Sweet,* 143 Ariz. 266, 270–71, 693 P.2d 921, 925–26 (quoting *State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970)) ("If the statutes relate to the same subject or have the same general purpose ... they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law."). This too leads to the conclusion that the specified parent or legal guardian is being given rights to invoke on his or her own behalf, and provides a cohesive reading of the two subsections. Subsection (C) provides that a parent or legal guardian "may *exercise* all of the victims' rights on behalf of" the minor child. A.R.S. § 13–4403(C) (emphasis added). Subsection (H) provides that the parent or legal guardian who does so can invoke the right to refuse an interview on his or her own behalf (or attend an interview or deposition in the manner specified) all as set forth in the remainder of that section. A.R.S. § 13–4433(H).

**D.**

¶ 11 The legislative history also supports our interpretation of § 13–4433(H). When "the legislature specifies its purpose in the session law that contains the statute, it is appropriate to interpret the statutory provisions in light of that enacted purpose." *Grand Canyon Trust v. Ariz. Corp. Comm'n,* 210 Ariz. 30, 40, ¶ 43, 107 P.3d 356, 366 (App.2005); *see also Smith v. Super. Ct., Pima County,* 17 Ariz.App. 79, 82, 495 P.2d 519, 522 (App.1972) (citing legislative history as further support despite finding no ambiguity in the statute). According to the Legislative Fact Sheet for Senate Bill 1126, which was later enacted as the amendment to § 13–4433, one of the specific purposes of the amendment was to "[a]ppl[y] victims' rights to adult and juvenile statutes relating *to the*

*right to refuse an interview to a parent* who is acting on behalf of his or her minor child." Amended Fact Sheet for S.B. 1126, 47th Leg., 2d Sess., at 1 (Ariz.2006) (emphasis added) [Hereinafter "Legislative Fact Sheet"].

¶ 12 The Legislative Fact Sheet specifically addresses the question here: whether subsection (H) allows the specified parent or legal guardian to invoke the right to refuse an interview on his or her own behalf. It states:

> Sections 8–412 and 13–4403, Arizona Revised Statutes, allow a minor victim's parent to exercise all of the victim's rights on behalf of the victim. Sections 8–412 and 13–4433, Arizona Revised Statutes, do not specify whether the right to refuse an interview extends to parents who are acting on behalf of their minor child. [This provision] *[a]llows a parent or legal guardian who is acting on behalf of his or her minor child to refuse an interview with the defense,* in both juvenile and criminal court.

*Id.* (emphasis added). Thus, the Legislative Fact Sheet specifically and unequivocally addresses the question before us by permitting the specified parent or legal guardian to refuse an interview. Additionally, one senator also proposed two floor amendments to Senate Bill 1126 which would have created an exception to the bill by allowing the defense to interview a parent or legal guardian if the parent or legal guardian was a witness to the crime committed against the minor child. Brotherton Floor Amendments to S.B. No. 1126, 47th Leg., 2d Sess. (Ariz.2006) (proposed amendments of Sen. Brotherton dated Feb. 9 and 16, 2006). The floor amendments failed. This also affirms the intent of the legislature to allow parents or legal guardians to invoke the right to refuse an interview on their own behalf. *Id.*

¶ 13 While we recognize that legislative history can be problematic when used to construe statutes, *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 269, 872 P.2d 668, 673 (1994) (finding legislative history "cryptic" and unhelpful in interpreting statute); *Matter of Sinclair,* 870 F.2d 1340, 1343 (7th Cir.1989) (listing numerous problems with using legislative history), here the only inferences per-

missible from the legislative history support our interpretation.

### E.

¶ 14 For the foregoing reasons, we hold that § 13–4433(H) allows a minor victim's parent or legal guardian who exercises victims' rights on behalf of the minor to also exercise all victims' rights specified in § 13–4433 on the parent or legal guardian's own behalf. This includes the right to refuse an interview on the parent or legal guardian's own behalf, not just on behalf of the minor child.

### IV.

### A.

¶ 15 Lincoln argues in the alternative that § 13–4433(H), if construed as we have done, is unconstitutional and thus beyond the authority of the legislature to enact. We presume that a statute is constitutional and "will not declare an act of the legislature unconstitutional unless we are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions." *Chevron Chemical Co. v.Super. Ct.,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982); *Long v. Napolitano,* 203 Ariz. 247, 254, ¶ 15, 53 P.3d 172, 179 (App.2002) ("We will declare . . . legislation unconstitutional only if we are satisfied beyond a reasonable doubt that the Act conflicts with our state [or federal] constitution.").

¶ 16 The rights set forth in § 13–4433(H) permit victim's rights to apply to a person (a parent or legal guardian who exercises victim's rights on behalf of a child) who is not expressly enumerated in the constitutional definition of "victim." The constitutional question presented by defendant is whether § 13–4433(H) is an unconstitutional modification of the Victims' Bill of Rights.

### B.

¶ 17 The Victims' Bill of Rights grants a victim of a crime the right "[t]o refuse an interview, deposition, or other discovery request by the defendant." Ariz. Const. art. 2, § 2.1(A)(5). The Victims' Bill of Rights defines "victim" as "a person against whom the criminal offense has been committed or, if the person is killed or incapacitated, the person's spouse, parent, child or other lawful representative." *Id.* at § 2.1(C); *see also* A.R.S. § 13–4401(19) (Supp.2006) (using the same definition of "victim" for purposes of the Victims' Rights Implementation Act). A parent or legal guardian, as specified in § 13–4433(H), does not fall directly within that definition.

¶ 18 Section 2.1(D) of the Victims' Bill of Rights, however, specifically authorizes the legislature "to enact *substantive* and procedural laws to define, *implement, preserve and protect* the rights guaranteed to victims by this section." Ariz. Const. art. 2, § 2.1(D) (emphasis added). In *State v. Uriarte,* 194 Ariz. 275, 278, 981 P.2d 575, 578 (App.1998), this court addressed whether a parent of a minor victim has the right to be present in the courtroom with the minor under the Victims' Bill of Rights and A.R.S. § 13–4403(C). Section 13–4403(C) allows a parent to exercise the minor victim's rights on the minor's behalf. A.R.S. § 13–4403(C). This court stated that "on behalf of" included the giving of "benefit" and "support" to the minor. *Uriarte,* 194 Ariz. at 278, ¶ 16, 981 P.2d at 578. We held that § 13–4403(C) "gives a victim who is a minor the benefit of parental support during proceedings which will be difficult for the child." *Id.* Section 13–4403(C) was an exercise of the legislature's authority to address substantive and procedural issues that were not addressed in the Victims' Bill of Rights itself. *Id.* at 279, ¶ 18, 981 P.2d at 579 (citing *State v. Roscoe,* 185 Ariz. 68, 73, 912 P.2d 1297, 1302 (1996)).

¶ 19 Similarly, § 13–4433(H) is an exercise of the legislature's authority to enact a substantive law to "define, implement, preserve and protect" minor victims' rights. Ariz. Const. art. 2, § 2.1(D). A parent or legal guardian of a minor victim who exercises rights on behalf of the minor is in a position to make important decisions for the minor and have communications with the minor concerning the facts of the case. Granting a parent or legal guardian of a minor the right to refuse a pretrial interview further ensures that the minor victim is "provided with basic

rights of respect [and] protection" for the enumerated victims' rights. 1991 Ariz. Sess. Laws, ch. 229, § 2 (legislative intent). Section 13–4433(H) is clearly consistent with the constitutional mandate to "implement, preserve and protect" the enumerated victims' rights. Ariz. Const. art. 2, § 2.1(D). We therefore find that § 13–4433(H) is a valid exercise of the authority granted to the legislature by the Victims' Bill of Rights under § 2.1(D).

## C.

¶ 20 The defense asserts, however, that this construction of § 13–4433(H) is not within § 2.1(D) of the Victims' Bill of Rights and impermissibly "adds" a new category of victim to the constitutional definition of "victim" set forth in the Victims' Bill of Rights. We disagree.

¶ 21 In *Roscoe*, the Arizona Supreme Court held § 13–4433(G) unconstitutional. Subsection (G) stated that "a peace officer shall not be considered a victim if the act that would have made the officer a victim occurs while the peace officer is acting in the scope of the officer's official duties." A.R.S. § 13–4433(G). The Court invalidated subsection (G) because it denied the protections of the Victims' Bill of Rights to peace officers, acting in the scope of their duties, who were otherwise protected by those constitutional provisions. *Roscoe,* 185 Ariz. at 73, 912 P.2d at 1302; *see also State ex rel. Thomas v. Klein,* 214 Ariz. 205, 208–09, ¶¶ 10, 15, 150 P.3d 778, 781–82 (App.2007) (holding that the legislature does not have the "authority to enact a statutory definition that narrow[s] the class of persons otherwise protected by the Victims' Bill of Rights").

¶ 22 Unlike the statutes at issue in *Roscoe* and *Klein,* § 13–4433(H) does not narrow or restrict rights under the Victims' Bill of Rights. *Roscoe* and *Klein* involved statutes that deprived victims of rights granted them by the Victims' Bill of Rights. *Roscoe,* 185 Ariz. at 73, 912 P.2d at 1302; *Klein,* 214 Ariz. at 208–09, ¶¶ 10, 15, 150 P.3d at 781–82. The limiting of these rights is what constituted a violation of the Victims' Bill of Rights. *Id.* Section 13–4433(H) does not limit the rights of victims as defined in the Victims' Bill of

Rights. Instead, the rights granted to parents and legal guardians by the statute serve to "implement, preserve and protect" the rights guaranteed to minor victims as provided in § 2.1(D) of the Victims' Bill of Rights.

¶ 23 In support of the defense argument, however, is the language in *Roscoe* that the Victims' Bill of Rights "grants to the legislature the *authority to define* the rights created therein, *not the power to redetermine who is entitled to them.*" 185 Ariz. at 73, 912 P.2d at 1302 (emphasis added). However, the reason for this statement, expressed in the *Roscoe* court's same paragraph, was that "[n]either we [n]or the legislature can *exclude* from the Bill *victims who have already been included by the people.*" *Id.* (emphasis added). Thus, this limiting language in *Roscoe* went to diminution of victims' rights, rather than an expansion of them.

¶ 24 Further, *Roscoe* specifically approved legislative action augmenting guaranteed constitutional rights. In *Roscoe,* the Arizona Supreme Court recognized this court's prior decision in *Lou Grubb Chevrolet v. Industrial Commission,* 171 Ariz. 183, 190, 829 P.2d 1229, 1236 (App.1991), dealing with workers' compensation rights. 185 Ariz. at 72, 912 P.2d at 1301. *Roscoe* noted *Lou Grubb* for the proposition that

the legislature could properly add workers' compensation coverage for risks which were not mandated to be covered by the constitution ... *although the constitution required the legislature to provide specified workers' compensation coverage, "it did not restrict the legislature's power to provide additional coverage."*

*Id.* (quoting *Lou Grubb,* 171 Ariz. at 188, 829 P.2d at 1234) (emphasis added). These portions of *Roscoe,* and its rationale, support our view that § 13–4433(H) falls within the "preserve and protect" clause of § 2.1(D).

¶ 25 Additionally, we read the legislative authority granted in § 2.1(D) of the Victims' Bill of Rights in the context of other constitutional provisions. The legislature has broad legislative powers under the Arizona Constitution that authorize it to enact laws such as § 13–4433(H) so long as those laws do not violate the Arizona Constitution. *See*

Ariz. Const. art. 4, pt 1, § 1(1) ("The legislative authority of the State shall be vested in the Legislature...."); *Adams,* 74 Ariz. at 281, 247 P.2d at 625 ("Except as legislation may be prohibited by or repugnant to other provisions of the Constitution or the Federal Constitution and laws, the authority of the Legislature is absolute...."); *McKinley v. Reilly,* 96 Ariz. 176, 179, 393 P.2d 268, 270 (1964) ("The police power of the State is the power vested in its legislature to make, ordain and establish all manner of wholesome and reasonable laws, statutes and ordinances ... as shall be judged to be good for the welfare of the state and its residents."). The legislature has the authority "to protect the public health, safety or welfare" of state residents. *State v. Beadle,* 84 Ariz. 217, 221, 326 P.2d 344, 347 (1958). We decline to give a narrow reading to the "preserve and protect" clause in § 2.1(D) when the statute at issue expressly serves that function and is also consistent with other constitutional grants of power to the legislature.

¶ 26 For all these reasons, we hold that § 13–4433(H) is an appropriate exercise of the "preserve and protect" clause in § 2.1(D) of the Victims' Bill of Rights.

## V.

¶ 27 We affirm the trial court's order denying Lincoln's motion for a court-ordered deposition of Mother.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and JON W. THOMPSON, Judge.