CONCURRING: JOSEPH W. HOWARD, Chief Judge, MICHAEL MILLER, Judge.

320 P.3d 826

**J.D.; M.M., Petitioners**

v.

**The Honorable Hugh HEGYI, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**T.D.; State of Arizona, Real Parties in Interest.**

**No. 1 CA–SA 13–0296.**

Court of Appeals of Arizona, Division 1.

March 11, 2014.

Arizona Voice for Crime Victims, Tempe By Colleen Clase, Counsel for Petitioners.

The Nolan Law Firm, PLLC, Mesa By Vicki A.R. Lopez, Counsel for Real Party in Interest T.D.

Maricopa County Attorney's Office, Phoenix By Karen Kemper, Counsel for Real Party in Interest State of Arizona.

## OPINION

SWANN, Judge.

¶ 1 In this special action, we hold that a parent of a minor victim may no longer refuse a defense interview under A.R.S. § 13–4433(G) once the victim turns 18 years old. However, in keeping with the statutory mandate to "liberally construe[] [the Victims' Rights Implementation Act] to preserve and protect the rights to which victims are entitled," A.R.S. § 13–4418, we further hold that even after the victim turns 18, the victim's parent cannot be compelled to reveal any information received while the victim was still a minor.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Real Party in Interest T.D. awaits trial on charges of sexually abusing M.M. ("Daughter"), his step-daughter. From the time T.D. was arrested, Daughter's mother J.D. ("Mother") asserted victims' rights on behalf of both Daughter and herself. Though the criminal proceedings began in 2011 when Daughter was 16 years old, the superior court granted seven trial continuances on T.D.'s behalf and Daughter has since turned 18. After Daughter reached the age of majority, T.D. moved the superior court to compel Mother to submit to a defense interview, contending that Mother could no longer refuse an interview by asserting victims' rights. The superior court granted T.D.'s motion, and this special action followed.

## DISCUSSION

¶ 3 Mother petitions for special action relief from the superior court's grant of T.D.'s motion to compel her to submit to a defense interview. Mother contends that her right to refuse a defense interview as the parent of a minor victim "continue[s] to be enforceable throughout the duration of [the] criminal proceedings," even after the victim has reached the age of majority.

¶ 4 We accept special action jurisdiction because Mother's asserted right to refuse a defense interview "would not be capable of protection if the matter were reviewed posttrial." *Romley v. Schneider*, 202 Ariz. 362, 363, ¶ 5, 45 P.3d 685, 686 (App.2002). This case also presents a matter of first impression in this state, involves a pure question of law, and does not give Mother an equally plain, speedy, and adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a); *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8, 30 P.3d 649, 652 (App.2001).

¶ 5 "Where the language of a statute is clear and unambiguous this court will apply the statute's plain language." *State ex rel. McDougall v. Superior Court (Martinez)*, 186 Ariz. 218, 220, 920 P.2d 784, 786 (App.1996). As an initial matter, " '[v]ictim' means a person against whom the criminal offense has been committed, including a minor." A.R.S. § 13–4401(19). Our legislature has thereby made clear that when an offense has been committed against a minor, the minor is herself the victim. By definition, Mother is not a "victim" in her own right in this case.

¶ 6 A.R.S. § 13–4403(C) provides: "*If the victim is a minor* ... the victim's parent ... may exercise all of the victim's rights *on behalf of the victim.*" (Emphases added.) Nothing in this language purports to vest a parent with the indefinite status of victim. Instead, the legal authority to exercise victims' rights on behalf of the victim is conditioned on the victim's status as a minor. In this case, the victim is no longer a minor. Therefore, the condition "if the victim is a minor" is not met, and the authority to exercise rights *on behalf of the victim* is not present. As an adult, Daughter is able to

exercise her own rights. If our legislature had intended parents to have a continuing right to exercise victims' rights for a child, post-minority, it would have defined parents of minor victims as victims themselves, or provided that parents could exercise indefinitely all victims' rights on behalf of a minor victim. Because the legislature chose not to define Mother as a victim, and because there is no longer a minor or an adult without capacity upon whose behalf she can exercise such rights, we conclude that Mother is not entitled to continue to exercise victims' rights.

¶ 7 Mother's argument emphasizes A.R.S. § 13–4433(G), which specifically applies the right to refuse an interview to "the parent ... of a minor child who exercises victims' rights on behalf of the minor child." A.R.S. § 13–4433(G); see also Lincoln v. Holt, 215 Ariz. 21, 26, ¶ 14, 156 P.3d 438, 443 (App. 2007) (holding that a parent who exercises a minor's right to refuse an interview under § 13–4433 may also exercise that right on the parent's own behalf). But Mother's position fails to give significance to the language "who exercises victims' rights on behalf of the minor child." A.R.S. § 13–4433(G). To invoke § 13–4433(G), a parent must be able to exercise rights under § 13–4403(C). Had the legislature simply provided "this section applies to the parent or legal guardian of a minor victim," the result would be different because the parent would be vested with her *own* victims' rights, which would attach during the victim's minority. Under A.R.S. § 13–4402(A), victims' rights arise on the arrest of the defendant and "continue to be enforceable pursuant to [the Victims' Rights Implementation Act] until the final disposition of the charges." Daughter's victims' rights are enforceable until the final disposition of the charges, because she is the legally defined victim. But because the right Mother seeks to exercise is a derivative right conditioned upon Daughter's status as a minor, § 13–4402(A) does not support Mother's position here. Indeed, if the legislature had intended to vest Mother with her own victims' rights, then § 13–4433(G) would be su-

perfluous because Mother would already have had the right to refuse an interview under § 13–4433(A).

¶ 8 Contrary to Mother's assertion, *State v. Uriarte*, 194 Ariz. 275, 981 P.2d 575 (App. 1998), did not resolve this issue differently. In *Uriarte*, we addressed the right of a parent exercising victims' rights to be present during trial—not the right to refuse a defense interview. *Id.* at 276, ¶ 1, 981 P.2d at 576. And in *Uriarte*, the child victim did not become an adult during the proceedings. *See id.* at 277, ¶ 2, 981 P.2d at 577. It is true that *Uriarte* held that a parent may exercise victims' rights "in addition to" the victim when it concluded that both a minor and a parent had a right to attend trial. *Id.* at 278, ¶¶ 15–16, 981 P.2d at 578. But that holding does little to inform our decision in this case. To be sure, while Daughter was a minor, both she and Mother could properly refuse a defense interview under A.R.S. § 13–4433(G). Wholly consistent with *Uriarte*, Mother thereby exercised rights both "on behalf of" Daughter and "in addition to" Daughter. *Uriarte* did not make the parent a victim in her own right or even touch upon the consequences of the legal victim reaching the age of majority. *See* 194 Ariz. 275, 981 P.2d 575.

¶ 9 Likewise, *Lincoln*, 215 Ariz. 21, 156 P.3d 438, does not conflict with our analysis. There, the question was whether the parent of a minor child could herself refuse to be interviewed, or whether A.R.S. § 13–4433(H) [1] allowed the parent merely to refuse an interview of the child. We held in *Lincoln* that the parent could refuse to be interviewed, and we do not depart from that holding. But *Lincoln* did not address the question whether the parent could continue to exercise victims' rights after the child attained majority, and we find nothing in the reasoning of that case to suggest that the court discounted the importance of the victim's status as a minor.

¶ 10 For the foregoing reasons, we hold that because Daughter has turned 18, Mother may no longer invoke A.R.S. § 13–4433(G) to refuse a defense interview.[2]

---

1. A.R.S. § 13–4433(G) was designated § 13–4433(H) at that time (2007).

2. Our holding should not be interpreted to restrict a parent's ability to exercise victims' rights

¶ 11 However, A.R.S. § 13–4418 requires us to "liberally construe[.] [the Victims' Rights Implementation Act] to preserve and protect the rights to which victims are entitled." There is little question that permitting the defense to interview Mother about information she learned during Daughter's minority would erode Daughter's rights in a manner inconsistent with legislative intent. We therefore hold that the defense must limit the scope of any interview with Mother to subjects that do not concern information Mother received while Daughter was a minor. *See* A.R.S. § 13–4433(A) ("[T]he victim shall not be compelled to submit to an interview on any matter . . . ."). This construction of A.R.S. § 13–4433(G) protects the rights to which the legally defined victim is entitled without expanding the statute beyond its plain language.

on behalf of a child older than 18 who is "killed or incapacitated," *see* A.R.S. § 13–4401(19) (defining "victim" to include parent of a child who is "killed or incapacitated"), or who falls into one of the categories of persons deemed unable

## CONCLUSION

¶ 12 Based on the foregoing, we uphold the trial court's order compelling Mother to submit to a defense interview, and hold that a parent of a minor victim loses the right to refuse a defense interview under A.R.S. § 13–4433(G) once the victim turns 18 years of age. To avoid erosion of the victim's rights, however, we further hold that Mother cannot be compelled to reveal any information received during Daughter's minority.

to exercise victims' rights on their own, *see* A.R.S. § 13–4403.