IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**J.D.; M.M.,**
*Petitioners,*

*v.*

**THE HONORABLE HUGH HEGYI, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**T.D.; STATE OF ARIZONA,**
*Real Parties in Interest.*

---

No. CV-14-0085-PR
Filed October 27, 2014

---

Appeal from the Superior Court in Maricopa County
The Honorable Hugh E. Hegyi, Judge
No. CR2011-153034
**VACATED AND REMANDED**

Opinion of the Court of Appeals, Division One
234 Ariz. 210, 320 P.3d 826 (App. 2014)
**VACATED**

---

COUNSEL:

Colleen Clase (argued), Tempe, for Arizona Voice for Crime Victims

William G. Montgomery, Maricopa County Attorney, Karen Kemper,
Deputy County Attorney (argued), Phoenix, for State of Arizona

Vicki A. R. Lopez (argued), Cari McConeghy Nolan, The Nolan Law Firm
PLLC, Mesa, for Real Party in Interest T.D.

Edward D. Johnson, Law Office of Ed Johnson, PLLC, Peoria, for Amicus
Curiae National Crime Victim Law Institute

---

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER, JUSTICE BERCH, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

_____

CHIEF JUSTICE BALES, opinion of the Court:

¶1        In a criminal case, a parent who exercises victims' rights on behalf of a minor child is statutorily entitled to refuse a defense interview. We hold that the parent's right to refuse an interview does not expire when the victim turns eighteen, but instead continues until the case ends.

**I.**

¶2        Crime victims cannot "be compelled to submit to an interview . . . that is conducted by the defendant, the defendant's attorney or an agent of the defendant." A.R.S. § 13-4433(A). A parent or legal guardian may "exercise all of the victims' rights" on behalf of a minor victim. *Id.* § 13-4403(C). Parents or guardians who do so may themselves refuse to submit to defense interviews. *Id.* § 13-4433(G).

¶3        In 2011, petitioner M.M. ("Daughter"), then sixteen years old, accused her step-father, real party in interest T.D., of sexual abuse. *J.D. v. Hegyi*, 234 Ariz. 210, 211 ¶ 2, 320 P.3d 826, 827 (App. 2014). Because Daughter was then a minor, her mother, J.D. ("Mother"), asserted victims' rights on her behalf. *Id.* After the superior court granted several continuances of the trial, Daughter turned eighteen. *Id.* T.D. then filed a motion to compel Mother to submit to a defense interview, which the superior court granted. *Id.* Mother and Daughter sought special action relief in the court of appeals. *Id.* The court accepted jurisdiction and held that, while a victim's majority extinguishes the parent's right to refuse a defense interview, the parent "cannot be compelled to reveal any information received while the victim was still a minor." *Id.* at 211 ¶ 1, 320 P.3d at 827.

¶4        We granted review to address an important issue on which courts have reached differing conclusions. *Compare id.* at 212 ¶10, 320 P.3d at 828 (holding that the right to decline an interview terminates at the victim's majority), *with State v. Lucas*, 234 Ariz. 263, 267 ¶ 15, 321 P.3d 428, 432 (App. 2014) (holding that the right to refuse an interview remains

effective until end of criminal proceedings). We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

¶5 The issue is whether a parent's right under § 13-4433(G) expires when a child victim turns eighteen, or instead lasts through the end of the case. We review questions of statutory interpretation de novo. *State v. Cheramie*, 218 Ariz. 447, 448 ¶ 8, 189 P.3d 374, 375 (2008).

¶6 When interpreting a statute, our primary goal is to give effect to the legislature's intent. *Sell v. Gama*, 231 Ariz. 323, 327 ¶ 16, 295 P.3d 421, 425 (2013). If the language is "subject to only one reasonable meaning," we apply that meaning. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383 ¶ 8, 296 P.3d 42, 46 (2013). Words in statutes, however, cannot be read in isolation from the context in which they are used. *See Adams v. Comm'n on Appellate Court Appointments*, 227 Ariz. 128, 135 ¶ 34, 254 P.3d 367, 373 (2011)*; see also Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole").

¶7 Section 13-4433(G) states as follows: "[t]his section [which allows a victim to refuse a defense interview] applies to the parent or legal guardian of a minor child who exercises victims' rights on behalf of the minor child." T.D. argues that this language limits a parent's right temporally: A parent may refuse an interview only as long as the parent is exercising rights on behalf of the minor child, which no longer occurs once the child turns eighteen. This argument would have some force if § 13-4433(G) were read in isolation, because the statute states that the section entitling a victim to refuse an interview applies to a parent who *exercises* rights on behalf of a *minor child*. *See also* A.R.S. § 13-4403(C) (permitting a parent to exercise a child victim's rights "[i]f the victim *is* a minor" (emphasis added)).

¶8 Section 13-4402(A), however, states that "the rights and duties that are established by this chapter arise on the arrest or formal charging of the person or persons who are alleged to be responsible for a criminal offense" and "continue to be enforceable pursuant to this chapter until the final disposition of the charges . . . ." Mother and Daughter argue that § 13-

4433(G) establishes a right to refuse defense interviews for a parent who exercises victims' rights on behalf of a minor child and § 13-4402(A) specifies that this right lasts until final disposition of the charges.

¶9        This case cannot be resolved based on the "plain language" of § 13-4433(G), even when it is considered along with § 13-4402(A).  Section 13-4433(G) can reasonably be read as creating either a right that exists while a parent is exercising victims' rights on behalf of a child who is still a minor or a right that continues until the case ends.  To interpret the statute, we must consider other factors, including its context, subject matter, and historical background, as well as its purpose and effect.  *Baker*, 231 Ariz. at 383 ¶ 8, 296 P.3d at 46.

¶10        Section 13-4433(G) reflects the legislature's efforts to implement the Victims' Bill of Rights ("VBR") in our state constitution.  Ariz. Const. art. 2, § 2.1.  Accordingly, we consider the background and purpose of not only the statute but also the constitutional provisions.

¶11        Parties in criminal cases generally are allowed to request interviews from witnesses other than the defendant.  *See* Ariz. R. Crim. P. 15.3(a).  In some circumstances, including when a material witness refuses to grant an interview, the trial court may order a witness to submit to questioning at a deposition.  *Id.*; c*f. State v. Draper*, 162 Ariz. 433, 437, 784 P.2d 259, 263 (1989) (discussing, prior to VBR, circumstances in which court could order deposition of victim who refused to be interviewed).

¶12        Victims, however, have a constitutional right to refuse defense interviews as a result of the voters' 1990 adoption of the VBR.  *Knapp v. Martone*, 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992).  The VBR broadly recognizes that victims are entitled "[t]o be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process."  Ariz. Const. art. 2, § 2.1(A)(1).  Along with several other more specific rights, the VBR allows victims to "refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant."  *Id.* § 2.1(A)(5).

¶13        The VBR also empowers the legislature to amend procedural and evidentiary rules "to ensure the protection of [victims'] rights," *id.* § 2.1(A)(11), and "to enact substantive and procedural laws to define,

implement, preserve and protect the rights guaranteed to victims by [the VBR]." *Id.* § 2.1(D); *see also State v. Hansen*, 215 Ariz. 287, 290 ¶ 11, 160 P.3d 166, 169 (2007) (discussing scope of legislature's rulemaking power).

**¶14** Pursuant to this authority, the legislature in 1991 enacted statutes to implement the VBR, including the provisions stating that victims cannot be compelled to submit to a defense interview, A.R.S. § 13-4433(A), and allowing a parent to exercise victims' rights on a behalf of a minor child, *id.* § 13-4403(C). The legislature also directed that the implementing legislation be "liberally construed to preserve and protect the rights to which victims are entitled." *Id.* § 13-4418.

**¶15** The statute allowing a parent who exercises victims' rights on behalf of a minor child to refuse an interview was added in 2006. A.R.S. § 13-4433(G); 2006 Ariz. Sess. Laws, ch. 50, § 4 (2d Reg. Sess.). Although this provision was intended to help preserve and protect the rights of child victims, the legislative history, like the statute itself, is ambiguous concerning the duration of the parent's right. For example, a Senate Fact Sheet suggests that the legislation would extend the victim's "right to refuse an interview"—a right that continues until the charges are finally resolved, A.R.S. § 13-4402(A)—to the parent, but then states that the provision "[a]llows a parent or legal guardian who is acting on behalf of his or her minor child to refuse an interview with the defense," which may suggest that the right ceases once the victim is no longer a minor. *See* Ariz. Senate, Fact Sheet for S.B. 1126, 47th Leg., 2d Reg. Sess. (Feb. 21, 2006).

**¶16** We also consider the purposes of the VBR generally and the victim's right to refuse an interview more specifically. The VBR and its implementing legislation were adopted "to provide crime victims with basic rights of respect, protection, participation" and to aid the "healing of their ordeals." *Champlin v. Sargeant*, 192 Ariz. 371, 375 ¶ 20, 965 P.2d 763, 767 (1998) (quoting 1991 Ariz. Sess. Laws, ch. 229, § 2(2) (1st Reg. Sess.)) (internal quotation marks omitted). Consistent with these goals, the right to refuse a defense interview allows a victim to avoid contact with the defendant before trial. *See State v. Riggs*, 189 Ariz. 327, 330, 942 P.2d 1159, 1162 (1997). The right also respects the victim's privacy, *id.*, at least in the sense of preventing unwelcome questioning by the defense before the victim testifies in court. Such contact or questioning by the defense could subject the victim to further trauma. *See Draper*, 162 Ariz. at 438, 784 P.2d at 264 (recognizing defense interviews may result in further trauma).

**¶17** These purposes support extending the right to refuse a defense interview to a parent who exercises victims' rights on behalf of a child. A minor victim may look to a parent or guardian for advice, consolation, or other aid during the criminal proceedings. That healing process might be impeded if the defense were able to compel interviews of the parent who is exercising the minor victim's rights.

**¶18** These observations do not necessarily establish that the parent's right to refuse an interview should continue after the minor victim turns eighteen. T.D. argues that because the parent can be compelled to testify at trial, allowing the defense to conduct a pretrial interview will not impermissibly invade the victim's privacy. He further observes that the right to refuse an interview, whether held by a minor victim or a parent who exercises the victim's rights, does not create a privilege for conversations that otherwise would be subject to disclosure or to questioning at trial. (Arizona has not generally recognized a privilege for parent–child communications, and we have no occasion here to address the existence of any such privilege.) Finally, he notes that the right to refuse an interview does not negate the prosecution's duty to disclose, before trial, various information concerning the victim, including witness statements, police reports, and scientific tests, Ariz. R. Crim. P. 15.1(b)(1), (3), (4), or exculpatory information, *see Brady v. Maryland*, 373 U.S. 83 (1963). In effect, T.D. argues that because victims' statements and other information are not broadly shielded from disclosure, the defense should be allowed to interview a parent who is no longer exercising victims' rights on behalf of a minor victim, just as the defense could interview any other witness.

**¶19** The goals of respecting victims, protecting their rights, and aiding in their healing, however, are better served by construing § 13-4433(G) as preserving the parent's right to refuse a defense interview through the conclusion of the case. Even though a child has turned eighteen, a compelled interview of the parent who exercised the minor victim's rights could further traumatize the victim and subject the victim, although vicariously, to unwanted pretrial contact with the defendant or questioning by the defense.

**¶20** Our conclusion also comports with the directive that legislation implementing the VBR should be "liberally construed to preserve and protect the rights to which victims are entitled." A.R.S. § 13-4418. The legislature also intended that rights created under that legislation

generally would "continue to be enforceable . . . until the final disposition of the charges," *id.* § 13-4402(A). Nothing in § 13-4433(G) clearly exempts a parent's right to refuse a defense interview from this provision. In contrast, accepting T.D.'s position would implausibly suggest the legislature intended that a parent's right would expire upon the victim's eighteenth birthday, even though the case remains pending.

¶21 The approach adopted by the court of appeals, which would allow an interview of the parent after the child turns eighteen, but prohibit questioning about information received while the victim was a minor, *J.D.*, 234 Ariz. at 213 ¶ 11, 320 P.3d at 829, would invite collateral litigation over the scope of permissible questioning. Moreover, it would be in tension with the fact that the legislature, in enacting § 13-4433(G), rejected a proposed amendment that would have allowed defense interviews of parents who exercise a child victim's rights but are also witnesses. Minutes of Ariz. S. Jud. Comm. on S.B. 1126, 47th Leg., 2d Reg. Sess. (Jan. 30, 2006). The legislature evidently placed greater weight on protecting the victim's rights than on accommodating the defense's interest in obtaining a pretrial interview of a parent–witness. Allowing a compelled interview of a parent who formerly exercised victims' rights on behalf of a child, merely because a case has not been resolved before the child turns eighteen, is contrary to the purposes of § 13-4433(G), the statutory scheme as a whole, and the VBR.

¶22 We hold that a parent who exercises victims' rights on behalf of a minor child is entitled to refuse a defense interview through the final disposition of the charges, even if the child earlier turns eighteen.

### III.

¶23 We vacate the opinion of the court of appeals and the order of the superior court and remand this case to the superior court for further proceedings consistent with this opinion.